IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - x

RADNOR HOLDINGS
CORPORATION, et al.,                    :
                                        :
            Appellants,        :   Case No. 06-735 (SLR)
                                        :
      v.                                :
                                        :
The Official Committee of      :
Unsecured Creditors,                    :
                                        :
            Appellee.          :

- - - - - - - - - - - - - - x

                                        :
In re:                         :   Chapter 11
                                        :
RADNOR HOLDINGS               :   Case No. 06-10894 (PJW)
CORPORATION, et al.,                    :
                               :   Jointly Administered
            Debtors.           :
                                        :

- - - - - - - - - - - - - - x

**MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION, APPELLANTS,
TO STRIKE APPELLEE'S STATEMENT OF ADDITIONAL ISSUES ON
APPEAL AND DESIGNATION OF ADDITIONAL ITEMS TO BE
INCLUDED IN THE RECORD WITH RESPECT TO APPEAL OF ORDER
GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS
STANDING TO PROSECUTE ACTIONS ON BEHALF OF THE DEBTORS'
ESTATES AGAINST TENNENBAUM CAPITAL PARTNERS, LLC,
SPECIAL VALUE EXPANSION FUND, LLC, SPECIAL VALUE
OPPORTUNITIES FUND, LLC, AND JOSÉ E. FELICIANO AND
RELATED RELIEF**

          The debtors and debtors in possession in the

above-captioned cases and the appellants in the above-

captioned appeal before this Court (collectively, the

"Debtors" or the "Appellants")[1], by and through their undersigned attorneys, respectfully move (the "Motion") for entry of an order, pursuant to Rule 8011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), striking the Appellee's Statement of Additional Issues on Appeal and Designation of Additional Items to be Included in the Record with Respect to Appeal of Order Granting Official Committee of Unsecured Creditors Standing to Prosecute Actions on Behalf of the Debtors' Estates against Tennenbaum Capital Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund, LLC, and José E. Feliciano and Related Relief (Bankr. D.I. 722) (the "Appellee's Statement"). In support of the Motion, the Appellants state as follows:

---

[1]    The Debtors are the following entities: Radnor Holdings Corporation ("Radnor"), Benchmark Holdings, Inc., Radnor Asset Management, Inc., Radnor Chemical Corporation, Radnor Delaware II, Inc., Radnor Investments II, Inc., Radnor Investments III, Inc., Radnor Investments, Inc., Radnor Investments, L.L.C., Radnor Management Delaware, Inc., Radnor Management, Inc., StyroChem Delaware, Inc., StyroChem Europe Delaware, Inc., StyroChem GP, L.L.C., StyroChem LP, L.L.C., StyroChem U.S. Ltd., WinCup Europe Delaware, Inc., WinCup GP, L.L.C., WinCup Holdings, Inc., WinCup LP, L.L.C., WinCup RE, L.L.C., and WinCup Texas, Ltd.

## PRELIMINARY STATEMENT

1.    By this Motion, the Appellants seek to strike from the record (i) issues that were not presented to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the Official Committee of Unsecured Creditors (the "Appellee") and that this Court lacks jurisdiction to consider and (ii) documents that were not timely designated by the Appellee and that were not considered by the Bankruptcy Court at the hearing on the order from which the Appellants are appealing, either because such documents were not relevant or because such documents had not even been filed at the time of the hearing.

2.    In the Appellee's Statement, the Appellee purports to set forth certain additional issues on appeal (the "Additional Appeal Issues") and certain additional documents (the "Additional Documents") to be designated as part of the record in such appeal. However, the Appellee failed to comply with Bankruptcy Rules 8002 and 8006.  Therefore, as set forth below, this Court lacks jurisdiction to consider the Additional Appeal Items.

3.    In addition, the Appellee purports to designate the Additional Documents as part of the record of this appeal.  However, six of the nine Additional Documents (the "Post-Standing Order Documents") were not even filed at the time the Bankruptcy Court entered the order that is the subject of this Appeal.  The remaining three documents are objections filed by the Appellants to orders that are not before this Court in this appeal. Moreover, such objections were either overruled by the Bankruptcy Court or resolved.  Accordingly, these objections contain nothing but hearsay and argument of counsel that were not considered by the Bankruptcy Court in rendering the order that is, in fact, the subject of this appeal.  Finally, the Appellees failed to file the Appellee's Statement within the time period specified by Bankruptcy Rule 8006.  Nor did the Appellees seek an extension of such time pursuant to Bankruptcy Rule 9006.

4.    Therefore, the Appellants respectfully request that the Appellee's Statement be stricken to prevent any further waste of the Debtors' limited resources responding to matters that are not properly before this Court.

## BACKGROUND

5.    On October 30, 2006, following a hearing held on October 27, 2006 (the "Hearing"), the Bankruptcy Court entered an order (Bankr. D.I. 512) (the "Committee Standing Order") granting the Appellee standing to pursue certain causes of action against Tennenbaum Capital Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund, LLC, and José E. Feliciano.

6.    On November 3, 2006, the Debtors timely filed a notice of appeal (Bankr. D.I. 570) (the "Notice of Appeal") with the Bankruptcy Court, pursuant to Bankruptcy Rules 8001 and 8002, appealing the Committee Standing Order to this Court.

7.    On November 13, 2006, the Appellants timely filed the Appellants' Statement of Issues on Appeal and Designation of Items to be Included in the Record with Respect to Appeal of Order Granting Official Committee of Unsecured Creditors Standing to Prosecute Actions on Behalf of The Debtors' Estates against Tennenbaum Capital Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund,

LLC, and José E. Feliciano, and Related Relief (Bankr. D.I. 614) (the "Appellants' Statement"). A copy of the Appellants' Statement is attached hereto as <u>Exhibit A</u>.

8. On November 28, 2006, the Appellee filed the Appellee's Statement. A copy of the Appellee's Statement is attached hereto as <u>Exhibit B</u>. On December 5, 2006, the appeal was docketed with this Court as case number 06-735. As set forth in the Notice of Docketing, briefing with respect to the appeal has been deferred pending mediation pursuant to the Standing Order of the Court dated July 23, 2004.[2]

## RELIEF REQUESTED

9. By this Motion, the Appellants request that the Court strike the Appellee's Statement, thereby striking the Additional Appeal Issues and the Additional Documents.

---

[2]    Substantially contemporaneously with the filing of the Motion, the Appellants filed a motion seeking relief from the Standing Order in light of the circumstances of this appeal.

**BASIS FOR RELIEF**

**A.    The Court Lacks Jurisdiction To Consider The
       Additional Appeal Issues.**

      10.   Bankruptcy Rule 8002 provides that "if a
timely notice of appeal is filed by a party, any party
may file a notice of appeal within ten days of the date
on which the first notice of appeal was filed . . .."
Fed. R. Bankr. P. 8002.  Bankruptcy Rule 9006 permits
the Bankruptcy Court to extend this deadline, provided
that a request for such extension is made during the
applicable appeal period, or, upon a showing of
excusable neglect, not later than the date that is
twenty days after the deadline.  See Fed. R. Bankr. P.
9006(b)(3) (permitting limited extension in accordance
with Bankruptcy Rule 8002(c)); id. 8002(c)(2)
(permitting twenty day extension upon showing of
excusable neglect); see also In re Olick, 1999 WL
1220542, *2 (E.D. Pa. Dec. 17, 1999) (dismissing appeal
where pro se appellant failed to file notice of appeal
as required by Bankruptcy Rule 8002(a) within ten days
of the entry of order and failed to file motion seeking
extension of such period either (i) within such time

period or (ii) within twenty days after expiration of such time period upon a showing of excusable neglect).

11.   In this instance, the Appellee failed to file a notice of appeal on or before November 13, 2006. Nor did the Appellee move for an extension of the deadline to file such a notice of appeal within the time period proscribed by Bankruptcy Rules 8002 and 9006.  In fact, to date, the Appellee has not filed a notice of appeal.  Instead, on November 28, 2006, the Appellee filed the untimely Appellee's Statement in which the Appellee purports, among other things, to set forth three additional issues on appeal.

12.   Because the Appellee failed to raise these issues in a cross appeal filed in accordance with Bankruptcy Rule 8002, however, this Court lacks jurisdiction to consider these issues on appeal.  See Frymire v. PaineWebber, Inc., 107 B.R. 506, 513-14 (E.D. Pa. 1989) (holding that filing of "Counterstatement of Issues on Appeal and Designation of Additional Documents for Record on Appeal" could not substitute for filing of a notice of cross-appeal as required by Bankruptcy Rule 8002(a) and that failure to file such notice within the

time period permitted by Bankruptcy Rule 8002(a)

deprived district court of jurisdiction to consider

issues raised in such counterstatement); see also In re

Universal Minerals, Inc., 755 F.2d 309, 311-12 (3d Cir.

1985) (affirming district court's dismissal of

bankruptcy appeal where appellant failed to file notice

of appeal within time proscribed by Bankruptcy Rule

8002(a) and failed to file motion requesting extension

of such deadline and demonstrating excusable neglect

within time period required by Bankruptcy Rule 8002(c));

cf. Abrahams v. Kindred Healthcare, Inc. (In re Vencor

Inc.), 2003 WL 2004385, *5 (D. Del. Apr. 28, 2003) aff'd

2004 WL 843283, *3 (3d Cir. Apr. 21, 2004) (striking

"corrected" designation of record where such corrected

designation (i) was not permitted by the Bankruptcy

Rules and (ii) was not timely even if permitted).

13.  Moreover, because the Appellee failed to

file a notice of cross appeal at all, under Bankruptcy

Rule 8006, the Appellee had no right to file a statement

of issues.  See Fed. R. Bankr. P. 8006 ("[I]f the

appellee has filed has filed a cross appeal, the

appellee as cross appellant shall file and serve a

statement of the issues to be presented on the cross appeal. . .."); see also Frymire v. PaineWebber, Inc., 107 B.R. 506, 14 (E.D. Pa. 1989) (filing of a notice of cross appeal was a prerequisite for the filing of a counterstatement of issues on appeal). Accordingly, the Court should grant the Motion and strike the Additional Appeal Issues.

**B. The Appellee Improperly Seeks to Expand The Record.**

14. The appellate record "should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy court in its decision." In re Oxborrow, 104 B.R. 356, 360 (E.D. Wash. 1989) (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 802 (E.D. Pa. 1986)), aff'd, 913 F.2d 751 (9th Cir. 1990). In addition, the district court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom. Id. However, "items not before the lower court and not considered by it in rendering its decision may not be included in the record." Id.; see also In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (appellate

court "cannot consider material on appeal that is outside of the district court record."); Fasset v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3rd Cir. 1986) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court."), cert. denied, 481 U.S. 1070 (1987).

15.  In this instance, the Appellee seeks to include in the record of this appeal the Post-Standing Order Documents, none of which were filed as of the date of the hearing on the Standing Order.  The Bankruptcy Court had no opportunity to consider such documents prior to issuing its ruling and, therefore, such documents should be stricken from the record on appeal.

16.  Moreover, the remaining Additional Documents consist of the Appellee's objections to motions filed by the Appellants that were granted by the Bankruptcy Court but that are not the subject of this appeal.  Such objections were either overruled or withdrawn and were similarly not part of the record

presented at the Hearing.  Accordingly these Additional

Documents should be stricken from the record.

**C.    The Appellee Failed to Timely File The Appellee's Statement.**

      17.  In addition to failing to comply with the

requirements of Bankruptcy Rule 8002, the Appellee also

failed to comply with the requirement of Bankruptcy Rule

8006.  Specifically, Bankruptcy Rule 8006 required the

Appellee to file and serve any designation of additional

items to be included on the record of appeal on or

before the date that was ten days after the date on

which the Appellants served the Appellants' Statement.

See Fed. R. Bankr. P. 8006.

      18.  The Appellants' Statement was filed and

served on November 13, 2006.  Accordingly, the Appellee

was required to file and serve the Appellee's Statement

on or before Friday, November 24, 2006.[3]

      19.  Notwithstanding the clear requirements of

Bankruptcy Rule 8006, however, the Appellee failed to

file and serve the Appellee's Statement until November

28, 2006.  Nor did the Appellee obtain or even seek

---

[3]    Thursday, November 23, 2006 was a federal holiday.

leave from the Bankruptcy Court to enlarge the time to file the Appellee's Statement.  Instead, the Appellee simply disregarded the timing requirements of Bankruptcy Rule 8006 entirely and filed the Appellee's Statement late.  Accordingly, the Court should grant the Motion on the grounds that the Appellee's Statement was not timely filed.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Motion be granted and the Appellee's Statement be stricken in its entirety.

Dated:      Wilmington, Delaware
            December 15, 2006

_Gregg M. Galardi (I.D. No. 2991)_
Gregg M. Galardi (I.D. No. 2991)
Mark L. Desgrosseilliers (I.D. No. 4083)
Matthew P. Ward (I.D. No. 4471)
Sarah E. Pierce (I.D. No. 4648)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

and

Edward J. Meehan
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue
Washington, DC  20005-2111
(202) 371-7000

Counsel for the Appellants, Debtors
   and Debtors-in-Possession

14

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - x
                            :   Chapter 11

In re:                       :

                            :   Case No. 06-10894 (PJW)

RADNOR HOLDINGS       :

CORPORATION, et al.,    :   Jointly Administered

                            :   **Related Docket No. 512**

            Debtors.    :

                            :

- - - - - - - - - - - - - x

**APPELLANTS' STATEMENT OF ISSUES ON APPEAL AND
DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD WITH
RESPECT TO APPEAL OF ORDER GRANTING OFFICIAL COMMITTEE
OF UNSECURED CREDITORS STANDING TO PROSECUTE ACTIONS ON
BEHALF OF THE DEBTORS' ESTATES AGAINST TENNENBAUM
CAPITAL PARTNERS, LLC, SPECIAL VALUE EXPANSION FUND,
LLC, SPECIAL VALUE OPPORTUNITIES FUND, LLC, AND JOSE E.
FELICIANO, AND RELATED RELIEF**

The appellants, debtors and debtors-in-

possession in the above-captioned jointly administered

bankruptcy cases (collectively, the "Appellants" or the

"Debtors"),[1] hereby file this (i) statement of issues on

appeal and (ii) designation of items to be included in

---

[1]     The Debtors are the following entities: Radnor Holdings
Corporation ("Radnor"), Benchmark Holdings, Inc., Radnor Asset
Management, Inc., Radnor Chemical Corporation, Radnor Delaware
II, Inc., Radnor Investments II, Inc., Radnor Investments III,
Inc., Radnor Investments, Inc., Radnor Investments, L.L.C.,
Radnor Management Delaware, Inc., Radnor Management, Inc.,
StyroChem Delaware, Inc., StyroChem Europe Delaware, Inc.,
StyroChem GP, L.L.C., StyroChem LP, L.L.C., StyroChem U.S.
Ltd., WinCup Europe Delaware, Inc., WinCup GP, L.L.C., WinCup
Holdings, Inc., WinCup LP, L.L.C., WinCup RE, L.L.C., and
WinCup Texas, Ltd.

the record pursuant to Federal Rule of Bankruptcy
Procedure 8006 in connection with the appeal, on an
expedited basis, of the Order Granting the Official
Committee of Unsecured Creditors Standing to Prosecute
Actions on Behalf of the Debtors' Estates against
Tennenbaum Capital Partners, LLC, Special Value
Expansion Fund, LLC, Special Value Opportunities Fund,
LLC, and Jose E. Feliciano and Related Relief (Docket
No. 512) (the "Standing Order"), entered by the United
States Bankruptcy Court for the District of Delaware
(the "Bankruptcy Court") on October 30, 2006.

The parties to this appeal are the Appellants
and the Official Committee of Unsecured Creditors (the
"Creditors' Committee").  On October 18, 2006, the
Creditors' Committee filed its Motion for Order Granting
the Committee Standing to Prosecute Actions on Behalf of
the Debtors' Estates against Tennenbaum Capital Partners,
LLC; Special Value Expansion Fund, LLC; Special Value
Opportunities Fund, LLC; and Jose E. Feliciano; and for
Related Relief (Docket No. 425) (the "Standing Motion").
Through the Standing Motion, the Creditors' Committee

2

sought, _inter alia_, standing to pursue certain causes of action, set forth in the form of complaint (the "Complaint") attached as an exhibit to the Standing Motion.  On October 25, 2006, the Debtors filed their Response to the Standing Motion (the "Standing Objection") (Docket No. 477).  A hearing was held on the Standing Motion and the Standing Objection on October 27, 2006 (the "Standing Hearing").  The Bankruptcy Court orally issued a ruling that granted the Standing Motion following the conclusion of the Standing Hearing. Subsequently, on October 30, 2006, the Bankruptcy Court entered the Standing Order.  Following the entry of the Standing Order, the Debtors noticed the instant appeal.

## STATEMENT OF ISSUES ON APPEAL

1.   Whether the Bankruptcy Court applied the proper standard in determining whether to grant the Creditors' Committee standing to file the Complaint and pursue estate causes of action?

2.   Whether the Bankruptcy Court erred in determining that the Creditors' Committee made no demand on the board of directors of Radnor (the "Radnor Board")?

3

3.    Whether the Bankruptcy Court erred in determining that any demand on the Radnor Board was excused as futile?

4.    Whether the Bankruptcy Court erred in considering deposition testimony in determining that demand on the Radnor Board was excused as futile?

5.    Whether the Bankruptcy Court erred in determining that Counts 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of the Complaint were direct, not derivative causes of action that may properly be prosecuted by the Creditors' Committee?

6.    Whether the Bankruptcy Court erred as a matter of law in determining that Counts 13 and 14 of the Complaint were both direct and derivative causes of action that may properly be prosecuted by the Creditors' Committee?

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD**

The Debtors designate the items set forth below to be included in the record on appeal:

| Appeal Record No. | Docket No. | Date | Document |
|---|---|---|---|
| 1 | 3 | 8/21/06 | Declaration of Paul Ridder, Vice President, Chief Financial Officer and Assistant Secretary of Radnor Holdings Corporation, in Support of Chapter 13 Petitions and First Day Pleadings |
| 2 | 20 | 8/21/06 | Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and Federal Rule of Bankruptcy Procedure 4001 (I) Authorizing Debtors (A) to Obtain Post-Petition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection to Pre-Petition Secured Parties; and (III) Scheduling Interim and Final Hearings |
| 3 | 24 | 8/21/06 | Debtors' Motion for (I) an Order (A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Assets, (B) Scheduling a Hearing to Consider the Proposed Sale and Approving the Form and Manner of Notice Thereof, (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, (D) Approving Bid Protections, and (E) Granting Certain Related Relief; and (II) an Order (A) Approving the Proposed Sale, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief |

| Appeal Record No. | Docket No. | Date | Document |
|---|---|---|---|
| 4 | 53 | 8/23/06 | Amended Interim Order (I) Authorizing Debtors (A) to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e), and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Liens, Security Interests and Superpriority Claims; (III) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 2002, 4001 and 9014 |
| 5 | 89 | 8/25/06 | Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates |
| 6 | 123 | 8/31/06 | Transcript of August 22, 2006 First Day Hearing |
| 7 | 126 | 8/31/06 | Notice of Appointment of Committee of Unsecured Creditors |
| 8 | 132 | 9/1/06 | Debtors' Application for Order under Bankruptcy Code Sections 327(e) and 1107(a) and Bankruptcy Rules 2014 and 2016 Authorizing Employment and Retention of Wilmer Cutler Pickering Hale and Dorr LLP as Special Investigative Counsel to the Company Acting Through the Special Committee of the Board of Directors of Radnor Holdings Corporation Nunc Pro Tunc to August 25, 2006 |

| Appeal Record No. | Docket No. | Date | Document |
|---|---|---|---|
| 9 | 150 | 9/12/06 | Emergency Motion of the Official Committee of Unsecured Creditors for Continuance of September 18, 2006 Hearing on: (1) Debtors' Motion for an Order (A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Assets, (B) Scheduling a Hearing to Consider the Proposed Sale and Approving the Form and Manner of Notice Thereof, (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, (D) Approving Bid Protections, and (E) Granting Certain Related Relief; and (2) Debtors' Motion for Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and Federal Rule of Bankruptcy Procedure 4001, Authorizing Debtors to Obtain Post-Petition Financing and to Utilize Cash Collateral, Granting Adequate Protection to Pre-Petition Lenders, and Seeking Other Relief |
| 10 | 156 | 9/12/06 | Notice of Filing of Proofs of Claim by Tennenbaum Capital Partners, LLC |
| 11 | 226 | 9/19/06 | Transcript of September 14, 2006 Hearing |
| 12 | 276 | 9/22/06 | Order under Bankruptcy Code Sections 327(e) and 1107(a) and Bankruptcy Rules 2014 and 2016 Authorizing Employment and Retention of Wilmer Cutler Pickering Hale and Dorr LLP as Special Investigative Counsel to the Company Acting Through the Special Committee of the Board of Directors of Radnor Holdings Corporation nunc pro tunc to August 25, 2006 |

| Appeal Record No. | Docket No. | Date | Document |
|---|---|---|---|
| 13 | 277 | 9/22/06 | Order Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 2002 and 6004 (I) Establishing Bid Procedures Relating to the Sale of Debtors' Assets, (II) Scheduling a Hearing to Consider the Proposed Sale and Approving the Form and Manner of Notice Thereof, (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, (IV) Approving the Break-Up Fee and Expense Reimbursement Provision, and (V) Granting Related Relief |
| 14 | 278 | 9/22/06 | Final Order (I) Authorizing Debtors (A) to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e), and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Liens, Security Interests and Superpriority Claims; (III) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 |
| 15 | 298 | 9/28/06 | Transcript of September 20, 2006 Hearing |
| 16 | 369 | 10/11/06 | Transcript of September 22, 2006 Hearing |
| 17 | 385 | 10/13/06 | Scheduling Order with Respect to Committee's Objections to Tennenbaum Claims |
| 18 | 391 | 10/13/06 | Motion of Official Committee of Unsecured Creditors to Modify Bid Procedures Order |
| 19 | 394 | 10/16/06 | Notice of Auction and Sale Hearing |

| Appeal Record No. | Docket No. | Date | Document |
|---|---|---|---|
| 20 | 425 | 10/18/06 | Motion of Official Committee of Unsecured Creditors for Order Granting the Committee Standing to Prosecute Actions on Behalf of the Debtors' Estates Against Tennenbaum Capital Partners, LLC; Special Value Expansion Fund, LLC; Special Value Opportunities Fund, LLC; and Jose E. Feliciano, and for Related Relief |
| 21 | 426 | 10/18/06 | Objection of the Official Committee of Unsecured Creditors to Proposed Credit Bid |
| 22 | 440 | 10/23/06 | Transcript of October 20, 2006 Hearing |
| 23 | 443 | 10/23/06 | Transcript of October 4, 2006 Hearing |
| 24 | 470 | 10/24/06 | Memorandum of Points and Authorities in Support of the (A) Motion of Official Committee of Unsecured Creditors for Order Granting the Committee Standing to Prosecute Actions on Behalf of the Debtors' Estates Against Tennenbaum Capital Partners, LLC; Special Value Expansion Funds, LLC; Special Value Opportunities Fund, LLC; and Jose E. Feliciano, and for Related Relief [Docket No. 425], (B) Complaint Against Tennenbaum Capital Partners, LLC; Special Value Expansion Funds, LLC; Special Value Opportunities Fund, LLC; and Jose E. Feliciano [Docket No. 425-2] and (C) Objection of the Official Committee of Unsecured Creditors to Proposed Credit Bid [Docket No. 426] |
| 25 | 474 | 10/25/06 | Debtors' Reply to Objection of the Official Committee of Unsecured Creditors to Proposed Credit Bid |
| 26 | 475 | 10/25/06 | Debtors' Limited Objection to Proposed Credit Bid of TR Acquisition Co., Inc. |
| 27 | 476 | 10/25/06 | Notice of Debtors' Objection to Claims of Tennenbaum Capital Partners, LLC, Special Value Expansion Funds, LLC, and Special Value Opportunities Fund, LLC |

| Appeal Record No. | Docket No. | Date | Document |
|---|---|---|---|
| 28 | 477 | 10/25/06 | Debtors' Response to Motion for Order Granting the Committee Standing to Prosecute Actions on Behalf of the Debtors' Estates Against Tennenbaum Capital Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund, LLC, and Jose E. Feliciano; and for Related Relief |
| 29 | 478 | 10/25/06 | Compendium of Unreported Opinions to Debtors' Response to Motion for Order Granting the Committee Standing to Prosecute Actions on Behalf of the Debtors' Estate Against Tennenbaum Capital Partners, LLC, Special Value Expansion Funds, LLC, Special Value Opportunities Fund, LLC; and Jose E. Feliciano; and Related Relief |
| 30 | 512 | 10/30/06 | Order Granting Official Committee of Unsecured Creditors Standing to Prosecute Actions on Behalf of the Debtors' Estates Against Tennenbaum Capital Partners, LLC, Special Value Expansion Funds, LLC, Special Value Opportunities Fund, LLC, and Jose E. Feliciano and Related Relief |
| 31 | 533 | 10/31/06 | Transcript of October 25, 2006 Hearing |
| 32 | 570 | 11/3/06 | Notice of Appeal re: Order Granting Committee Standing Motion |
| 33 | 582 | 11/6/06 | Transcript of October 27, 2006 Hearing |

## RESERVATION OF RIGHTS

The Debtors expressly reserve their rights in the United States District Court for the District of Delaware to object to or otherwise move to strike or

10

modify some or all of any counter-designation of items

to be included in the record on appeal or counter-

statement of issues to be presented that might be

submitted by the Creditors' Committee.

Dated:    Wilmington, Delaware
          November 13, 2006

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


_____
Gregg M. Galardi (I.D. No. 2991)
Mark L. Desgrosseilliers (I.D. No. 4083)
Sarah E. Pierce (I.D. No. 4648)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

and

Edward J. Meehan
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue
Washington, DC  20005-2111
(202) 371-7000

Counsel for Debtors and
Debtors in Possession

11

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RADNOR HOLDINGS CORPORATION, et al., | Case No. 06-10894 (PJW) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 512** |

**APPELLEE'S STATEMENT OF ADDITIONAL ISSUES ON APPEAL AND
DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE
RECORD WITH RESPECT TO APPEAL OF ORDER GRANTING
OFFICIAL COMMITTEE OF UNSECURED CREDITORS STANDING TO
PROSECUTE ACTIONS ON BEHALF OF THE DEBTORS' ESTATES
AGAINST TENNENBAUM CAPITAL PARTNERS, LLC, SPECIAL VALUE
EXPANSION FUND, LLC, SPECIAL VALUE OPPORTUNITIES FUND, LLC,
AND JOSE E. FELICIANO, AND RELATED RELIEF**

The appellee in the above-captioned jointly administered bankruptcy cases, the Official Committee of Unsecured Creditors (the "**Committee**") of Radnor Holdings Corp., *et al.* (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby files this (i) statement of additional issues on appeal and (ii) designation of additional items to be included in the record pursuant to Federal Rule of Bankruptcy Procedure 8006 in connection with this appeal of the Order Granting the Official Committee of Unsecured Creditors Standing to Prosecute Actions on Behalf of the Debtors' Estates Against Tennenbaum Capital Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund, LLC, and Jose E. Feliciano and Related Relief (Docket No. 512) (the "**Standing Order**"), entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on October 30, 2006.

The Committee agrees with the initial description of the procedural background of this appeal set forth in the Debtors' Statement of Issues on Appeal. (Docket No. 614, at 2-3). Following the entry of the Standing Order, on October 31, 2006, the Committee filed its Complaint in the adversary proceeding, *The Official Committee of Unsecured Creditors of*

DKT. NO. **722**
DT. FILED **11/22/06**

*Radnor Holdings Corporation, et al. v. Tennenbaum Capital Partners, LLC, et al.*, Adv. Proc. No. 06-50909 (the "**Adversary Proceeding**"). On November 1, 2006, the Debtors filed an Emergency Motion to Join Adversary Proceeding or, in the Alternative, to Intervene as of Right (the "**Motion to Intervene**"). The Bankruptcy Court granted the Motion to Intervene by oral ruling on November 2, 2006, granting the Debtors leave to intervene in the Adversary Proceeding as nominal defendants. Trial in the Adversary Proceeding commenced on November 2, 2006, and concluded on November 14, 2006. Counsel for the Debtors attended and participated in the trial. On November 16, 2006, the Bankruptcy Court entered a Judgment in Favor of Defendants On All Counts (the "**Adversary Judgment**"). On November 21, 2006, the Bankruptcy Court entered an Order (With Revisions) (1) Approving Sale of Substantially All of Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances; (2) Approving Assumptions and Assignment of Certain Contracts and Leases; and (3) Granting Related Relief (the "**Sale Order**").

## STATEMENT OF ADDITIONAL ISSUES ON APPEAL

1.      Whether Debtors have waived the present appeal as a result of filing the Motion to Intervene and participating at trial in the Adversary Proceeding.

2.      Whether the present appeal is moot.

3.      Whether the present appeal is an improper appeal of an interlocutory order.

## DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD

The Committee designates the additional items set forth below to be included in the record on appeal:

| Appeal Record No. | Docket No. | Date | Document |
|---|---|---|---|
| 34 | 144 | 9/11/06 | Objection to Debtors' Motion for Order, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364 and Federal Rule of Bankr. Procedure 4001; (I) Authorizing Debtors (A) to Obtain Post-Petition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection to Pre-Petition Secured Parties, and (III) Scheduling Interim and Final Hearings filed by Official Committee of Unsecured Creditors |
| 35 | 161 | 9/13/06 | Objection to Debtors' Application for Order Under Bankr. Code Sections 327(e) and 1107(a) and Bankr. Rules 2014 and 2016 Authorizing Employment and Retention of Wilmer Cutler Pickering Hale and Dorr LLP as Special Investigative Counsel to the Company Acting through the Special Committee of the Board of Directors of Radnor Holdings Corporation Nunc Pro Tunc to August 25, 2006 filed by Official Committee of Unsecured Creditors |
| 36 | 172 | 9/13/06 | Objection to Debtors' Motion For (I) An Order (A) Establishing Bidding Procedures Relating To The Sale Of The Debtors' Assets, (B) Scheduling A Hearing To Consider The Proposed Sale And Approving The Form And Manner Of Notice Thereof, (C) Establishing Procedures Relating To The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, Including Notice Of Proposed Cure Amounts, (D) Approving Bid Protections, And (E) Granting Certain Related Relief; And (Ii) An Order (A) Approving The Proposed Sale, (B) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (C) Granting Certain Related Relief filed by Official Committee of Unsecured Creditors |
| 37 | 1A[1] | 10/31/06 | Complaint |
| 38 | 9A | 11/1/06 | Emergency Motion to Join Adversary Proceeding or, in the Alternative, to Intervene as of Right |
| 39 | 620 | 11/14/06 | Transcript of Trial held on November 2, 2006 |
| 40 | 38A | 11/16/06 | Judgment in Favor of Defendants On All Counts |
| 41 | 41A | 11/16/06 | Amended Findings of Fact and Conclusions of Law |
| 42 | 42A | 11/20/06 | Notice of Appeal of Judgment filed by The Official Committee of Unsecured Creditors |

[1] The designation "A" has been added to docket items from the Adversary Proceeding, No. 06-50909, to distinguish those items from docket items in the underlying bankruptcy, No. 06-10894.

Dated: Wilmington, Delaware
November 28, 2006

GREENBERG TRAURIG, LLP

By: _____
Donald Detweiler (No. 3087)
Victoria Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
detweilerd@gtlaw.com
counihanv@gtlaw.com

-and-

Nancy A. Mitchell
Nancy A. Peterman
**GREENBERG TRAURIG LLP**
77 West Wacker Drive
Suite 2400
Chicago, Illinois 60601
Phone: (312) 456-8400
Facsimile (312) 456-8435
mitchelln@gtlaw.com
petermann@gtlaw.com

Counsel for the Official Committee of Unsecured
Creditors of Radnor Holdings Corporation, *et al.*

DEL-FS1\164101v01

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - x
RADNOR HOLDINGS                :
CORPORATION, <u>et</u> <u>al</u>.,        :
                              :
        Appellants,           :    Case No. 06-735 (SLR)
                              :
    v.                        :
                              :
The Official Committee of     :
Unsecured Creditors,          :
                              :
        Appellee.             :
- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
RADNOR HOLDINGS                :    Case No. 06-10894 (PJW)
CORPORATION, <u>et</u> <u>al</u>.,        :
                              :    Jointly Administered
        Debtors.              :
                              :
- - - - - - - - - - - - - - x

ORDER GRANTING MOTION OF DEBTORS AND DEBTORS-IN-
POSSESSION, APPELLANTS, TO STRIKE APPELLEE'S STATEMENT
OF ADDITIONAL ISSUES ON APPEAL AND DESIGNATION OF
ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD WITH
RESPECT TO APPEAL OF ORDER GRANTING OFFICIAL COMMITTEE
OF UNSECURED CREDITORS STANDING TO PROSECUTE ACTIONS ON
BEHALF OF THE DEBTORS' ESTATES AGAINST TENNENBAUM
CAPITAL PARTNERS, LLC, SPECIAL VALUE EXPANSION FUND, LLC,
SPECIAL VALUE OPPORTUNITIES FUND, LLC, AND JOSÉ E.
FELICIANO AND RELATED RELIEF

Upon the Motion of Debtors and Debtors-in-

Possession, Appellants, to Strike Appellee's Statement

of Additional Issues on Appeal and Designation of

Additional Items to be Included in the Record with

Respect to Appeal of Order Granting Official Committee of Unsecured Creditors Standing to Prosecute Actions on Behalf of the Debtors' Estates Against Tennenbaum Capital Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund, LLC, and José E. Feliciano and Related Relief (the "Motion")[1] in the above-captioned appeal; and this Court having fully considered the record before it; and proper and adequate notice of the Motion and any hearing thereon having been given; and no other or further notice being necessary; and upon the record herein; and after due deliberation thereon; it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Appellee's Statement is hereby stricken from the record of this appeal.

3.    The Additional Appeal Items and Additional Documents are hereby stricken and shall not be considered by the Court in this appellate proceeding.

---

[1]    Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

2

4.    This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation or implementation of this Order.

Dated:    Wilmington, Delaware
_____ ___, 200__

_____
Honorable Sue L. Robinson
Chief United States District Judge

## CERTIFICATE OF SERVICE

I, Mark L. Desgrosseilliers, hereby certify that on December 15, 2006, I caused the foregoing **Motion of Debtors and Debtors-in-Possession, Appellants, to Strike Appellee's Statement of Additional Issues on Appeal and Designation of Additional Items to be Included in the Record with Respect to Appeal of Order Granting Official Committee of Unsecured Creditors Standing to Prosecute Actions on Behalf of the Debtors' Estates against Tennenbaum Capital Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund, LLC, and José E. Feliciano and Related Relief** to be served on the parties listed on Exhibit A, attached hereto, in the manner indicated thereon.

Mark L. Desgrosseilliers

**EXHIBIT A**

**Debtors:**

Caroline Williamson
Radnor Holdings Corporation
150 Radnor Chester Road
Building A, Suite 300
Radnor, PA 19087
**(By Overnight Coiurier)**

Alvarez & Marsal, Inc.
Stan Springel
Robert McEvoy
600 Lexington Avenue
6th Floor
New York, NY 10022
**(By Overnight Courier)**

**United States Trustee:**

William K. Harrington, Esq.
Margaret Harrison Esq.
Office of the U.S. Trustee
844 King Street
Room 2207, Lockbox 35
Wilmington, DE 19801
Tel: 302-573-6491
Fax: 302-573-6497
**(By Hand Delivery)**

**Agent for the DIP Lenders:**

Laura Davis Jones, Esq.
James E. O'Neill, Esq.
Pachulski Stang Ziehl Young
Jones & Weintraub
919 North Market Street, 17th Fl.
P.O. Box 8705
Wilmington, DE 19899-8705
**(By Hand Delivery)**

Anup Sathy, Esq.
Ross M. Kwasteniet, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601-6636
**(By Overnight Courier)**

**Counsel for the Funding Agent:**

Paula A. Schmeck, Esq.
Thorp, Reed & Armstrong, LLP
One Oxford Centre
301 Grant Street, 14th Fl.
Pittsburgh, PA 15219
**(By Overnight Courier)**

William P. Bowden, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
**(By Hand-Delivery)**

**Official Committee of Unsecured Creditors:**

Donald J. Detweiler, Esquire
Victoria W. Counihan, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 19801
Telephone:    302-661-7667
Fax:    302-661-7360
**(By Hand-Delivery)**

Nancy A. Mitchell, Esquire
Nancy A. Peterman, Esquire
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
**(By Overnight Courier)**

**Counsel to Tennenbaum Capital Partners, LLC:**

Mark D. Collins, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
**(By Hand Delivery)**

Gregory A. Bray, Esq.
Fred Neufeld, Esq.
Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa Street
30th Flooor
Los Angeles, CA 90017-5735
**(By Overnight Delivery)**