IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **RADNOR HOLDINGS CORPORATION**, *et al.*, | § § § § | |
| Appellants, | § § | Case No. 06-735 (SLR) |
| v. | § § | |
| **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**, | § § § | |
| Appellee. | § § | |
| In re: | § § | Chapter 11 |
| **RADNOR HOLDINGS CORPORATION**, *et al.*, | § § § § | Case No. 06-10894-(PJW) |
| Debtors. | § § § | Jointly Administered |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO DEBTORS' MOTION TO STRIKE APPELLEE'S STATEMENT OF
ADDITIONAL ISSUES ON APPEAL AND DESIGNATION OF ADDITIONAL
ITEMS TO BE INCLUDED IN THE RECORD WITH RESPECT TO APPEAL OF
ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS
STANDING TO PROSECUTE ACTIONS ON BEHALF OF THE DEBTORS'
ESTATES AGAINST TENNENBAUM CAPITAL PARTNERS, LLC, SPECIAL
VALUE EXPANSION FUND, LLC, SPECIAL VALUE OPPORTUNITIES
FUND, LLC, AND JOSÉ E. FELICIANO AND RELATED RELIEF**

The Official Committee of Unsecured Creditors of Radnor Holdings Corp., *et al.* (the "**Committee**"), the appellee in the above-captioned appeal before this Court, by and through its undersigned counsel, hereby responds to the Debtors' motion (the "**Motion**") for entry of an order, pursuant to Rule 8011 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), striking the Appellee's Statement of Additional Issues on Appeal and Designation of Additional Items to be Included in the Record with Respect to Appeal of Order Granting Official Committee of Unsecured Creditors Standing to Prosecute Actions on Behalf of the Debtors'

Estates against Tennenbaum Capital Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund, LLC, and José E. Felciiano and Related Relief (Bankr. D.I. 722) (the "**Appellee's Statement**"). In response to the Motion, the Committee states:

1. The Debtors[1] seek to strike the Appellee's Statement in its entirety on the grounds that the Committee purportedly has failed to comply with Bankruptcy Rules 8002 and 8006. Specifically, the Debtors assert that (1) the Committee failed to file a notice of appeal from the Standing Order raising the issues presented in the Appellee's Statement, and therefore this Court lacks jurisdiction to consider the issues on appeal; (2) the Committee has designated documents to include in the record on appeal that were filed after the date of the hearing on the Standing Order, which the Bankruptcy Court had no opportunity to consider prior to issuing its ruling; (3) the Committee has designated documents to include in the record on appeal consisting of the Committee's objections to motions filed by the Debtors, which purportedly are not the subject of this appeal; and (4) the Committee did not timely file the Appellee's Statement under Bankruptcy Rule 8006, because it did not file the Appellee's Statement on the Friday after Thanksgiving, November 24, 2006. The Debtors' arguments lack merit, and the Motion has failed to present any colorable basis to strike all or any part of the Appellee's Statement.

A. **The Committee Has Properly Raised Jurisdictional Issues In The Appellee's Statement, And This Court Has Jurisdiction To Consider Those Issues.**

2. The Debtors first assert that the Committee has no right to file a statement of issues on appeal, and this Court has no jurisdiction to consider the issues raised by the Committee in the Appellee's Statement, because the Committee did not file a cross appeal from the Bankruptcy Court's Standing Order under Bankruptcy Rule 8002. That is wrong as a matter of law. The issues presented in the Appellee's Statement are *jurisdictional*, not substantive. The

---

[1] Unless otherwise indicated, capitalized terms in this response have the same meaning as in the Motion.

2

Committee did not file a cross appeal from the Standing Order, because the Committee does not contest the substance of the Standing Order. Rather, the Committee has challenged this Court's continuing jurisdiction over the Debtors' appeal of the Standing Order, because either the appeal has been rendered moot by the subsequent trial and judgment in the Adversary Proceeding, or the Debtors failed to take appropriate steps for this Court to acquire jurisdiction over an interlocutory appeal. (*See* Appellee's Statement, Bankr. D.I. 722, at 2). Because the Appellee's Statement presents only jurisdictional questions, the Committee has the right to raise the issues and this Court has an obligation to consider them.

   3. It is settled that "jurisdiction is never waived; indeed this Court can always raise it on its own motion, and we are continuously required to discern whether we have jurisdiction over a case or controversy before ruling upon its merits." *Shendock v. Director, Office of Workers' Compensation Programs*, 893 F.2d 1458, 1461 n. 7 (3rd Cir. 1990), *citing Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("Unlike an objection to venue, lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties. An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review."). The issues raised by the Committee in the Appellee's Statement--whether the present appeal is moot and whether it is an improper appeal of an interlocutory order taken without leave of the court--are jurisdictional questions. *See Chong v. District Director, Immigration & Naturalization Service*, 264 F.3d 378, 383 (3rd Cir. 2001) (holding that issue of mootness must be resolved *sua sponte*, even when not raised by the parties, because it "implicates our jurisdiction"); *Steele v. Blackman*, 236 F.3d 130, 134 n. 4 (3rd Cir. 2001) (same); *Rogin v. Bensalem Township*, 616 F.2d 680, 684 (3rd Cir. 1980) ("Inasmuch as mootness would divest us of jurisdiction to consider this appeal, we are obligated to address this issue as a threshold

matter."); 28 U.S.C. § 158(a) (stating that district court "shall have jurisdiction to hear appeals" of interlocutory orders only "with leave of the court"). Consequently, even if the Committee had not presented these issues in the Appellee's Statement, or if this Court were to strike the Appellee's Statement, the Court would still have a clear obligation to consider the Committee's jurisdictional questions "as a threshold matter" before considering the merits of the Debtors' appeal. *Rogin*, 616 F.2d at 684.

    4.    The authorities relied upon by the Debtors do not contravene the Committee's right to raise jurisdictional issues on appeal. Bankruptcy Rule 8002(a) provides for the filing of a notice of appeal from "the entry of the judgment, order, or decree" by the Bankruptcy Court. The Committee, however, does not appeal any part of the Bankruptcy Court's Standing Order, and therefore had no reason to file a notice of appeal. Indeed, the Committee could not have filed a notice of appeal raising the jurisdictional issues presented in the Appellee's Statement, because those issues arose from events occurring after entry of the Standing Order, specifically, the commencement and conclusion of the Adversary Proceeding and the Debtors' failure to seek leave to appeal the interlocutory Standing Order. Bankruptcy Rule 8002 does not require the filing of a separate notice of appeal to address such jurisdictional questions. Likewise, although Bankruptcy Rule 8006 deals with the filing of a statement of issues to be presented in connection with a cross appeal, it does not and cannot bar an appellee from raising jurisdictional issues in the absence of a cross appeal, because jurisdictional questions are never waivable. *See Shendock*, 893 F.2d at 1461 n. 7; *Mitchell*, 293 U.S. at 244. The cases cited by the Debtors involve appeals or cross appeals on the substantive merits of a judgment, order, or decree by the bankruptcy court, not challenges to the jurisdiction of the reviewing court. *See Frymire v. PaineWebber, Inc.*, 107 B.R. 506, 509 (E.D. Pa. 1989) (cross appeal contesting judgment of the

bankruptcy court on contract claim and judgment denying proof of claim); *In re Universal Minerals, Inc.*, 755 F.2d 309, 310 (3rd Cir. 1985) (appeal from order of the bankruptcy court granting an application to rescind the sale of certain assets purchased from the bankrupt estate). The Appellee's Statement properly presents jurisdictional questions for this Court's consideration, and the Committee is prepared to brief those issues as part of its appellate filings.

B. **This Court May Properly Consider Subsequent Events And Documents As Part Of Its Inquiry Into Whether This Appeal Has Become Moot.**

5.  The Debtors next assert that the Committee has attempted to include in the appellate record items that were filed after entry of the Standing Order, and which therefore were not before the Bankruptcy Court when it entered the Standing Order. The Appellee's Statement does include in its designations six items filed after the Standing Order in connection with the Adversary Proceeding, including the adversary complaint, the Debtors' emergency motion to intervene in the Adversary Proceeding, the trial transcript, and the Bankruptcy Court's judgment. (*See* Appellee's Statement, Bankr. D.I. 722, at 3). Although the Motion challenges these designations as improper, it is appropriate to include the items as part of the record on appeal. The filings in the Adversary Proceeding relate to the question of whether this appeal has been rendered moot as a result of the commencement of the Adversary Proceeding, the Debtors' participation at trial, and the entry of a final judgment. Because the trial that was the subject of the Standing Order has been concluded--with the Debtors' active participation--the Committee intends to argue that the Debtors' appeal of the Standing Order is now moot and that this Court has therefore been divested of jurisdiction over the appeal. The Committee's designations will assist the Court in deciding that question.

6.  It is appropriate under governing precedent for this Court to consider subsequent events and documents in deciding the jurisdictional question of mootness. Indeed, there is no

other way to resolve an issue of mootness. "[B]ecause mootness is a jurisdictional issue, we may receive facts relevant to that issue; otherwise, there would be no way to find out if an appeal has become moot." *Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3rd Cir. 1992) (holding based on supplemental record that issues raised on appeal had become moot based on subsequent events that were not part of the record before the trial court). So long as the proposed additional information is "keyed to the question of mootness," courts of review will allow the record to be supplemented with information and documents arising after the date of the order on appeal. *Sutton v. Rasheed*, 323 F.3d 236, 245 (3rd Cir. 2003) (allowing parties to file a supplemental record, including an affidavit and additional documents, to determine whether issues raised on appeal had become moot since the commencement of the appeal). That is all the Committee has done in this case. After the Bankruptcy Court entered the Standing Order at issue in this appeal, the Committee commenced its adversary proceeding, the Debtors intervened in the proceeding, the case went to trial with the Debtors' active participation, and the Bankruptcy Court entered a judgment against the Committee on all counts. Based on these events, the Committee will argue that the Debtors' appeal of the Standing Order is moot, because this Court's determination of the Debtors' appeal will not resolve any remaining case or controversy. In order for this Court to determine whether the Committee's position on mootness is correct, it is likely that the Court will need to review the record of the Adversary Proceeding. Accordingly, consistent with *Clark* and *Sutton*, it is proper to include those filings relating to the Adversary Proceeding as part of the Committee's designations in the Appellee's Statement. The Debtors have offered no justification for this Court to strike from the record documents that it may need to determine whether there is jurisdiction over the present appeal.

C.   **The Committee's Objections Are A Proper Part Of The Record On Appeal.**

7.   The Debtors further assert that the Committee's remaining record designations

6

should be stricken on the grounds that they are "objections to motions filed by the Appellants that were granted by the Bankruptcy Court but that are not the subject of this appeal." The three sets of objections included as record designations in the Appellee's Statement are (i) the Committee's objections to the Debtors' motion to establish DIP financing, (ii) the Committee's objections to the Debtors' application to retain special investigative counsel, and (iii) the Committee's objections to the Debtors' motion to establish bidding procedures. (*See* Appellee's Statement, Bankr. D.I. 722, at 3). Even though the Debtors now claim that these motions "are not the subject of this appeal," they included all three motions, together with the orders granting each motion, as part of their own record designations. (*See* Appellants' Statement, Bankr. D.I. 614, at 5-8). Presumably, the Debtors included these motions and orders as part of their designations for a reason, and intend to use the motions and orders to support their arguments on appeal. It is disingenuous for the Debtors to advance their own motions and the orders they obtained on those motions as part of the record on appeal, yet to argue that the Committee's objections to those same motions should be stricken because the motions are not the subject of this appeal. To the extent that the Debtors intend to use the motions and orders as part of their record on appeal, the Committee is entitled to have its objections included to complete the record.

**D.     The Appellee's Statement Was Timely Filed.**

8.     Lastly, the Debtors assert that the Committee failed to comply with the ten-day limit set forth in Bankruptcy Rule 8006. The Debtors claim that, because the Appellants' Statement was filed and served on November 13, 2006, the Appellee's Statement was due no later than Friday, November 24, 2006. That ignores the plain language of Bankruptcy Rule 9006(a), which states:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or

7

default from which the designated period of time begins to run shall not be included. ***The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday***, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. ***As used in this rule and in Rule 5001(c), "legal holiday" includes*** New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, ***Thanksgiving Day***, Christmas Day, ***and any other day appointed as a holiday by*** the President or the Congress of the United States, or by ***the state in which the court is held***.

Bankruptcy Rule 9006(a) (emphasis added).

9.  Because the Debtors filed their Appellants' Statement on November 13, 2006, and Thursday, November 23, 2006 was a federal holiday (Thanksgiving), they claim that the Appellee's Statement was due the next day, Friday, November 24, 2006. Under Delaware law, however, the day after Thanksgiving is also a holiday. Title 1 of the Delaware Code, Section 501(a), designates "the Friday following Thanksgiving Day" as a holiday. Consequently, because November 24, 2006 was "appointed as a holiday by ... the state in which the court is held," the deadline for the Committee to file the Appellee's Statement did not fall on November 24, 2006. In any event, the ten-day limit under Bankruptcy Rule 8006 is not jurisdictional, and any late filing on the part of the Committee constitutes excusable neglect in light of the intervening Thanksgiving holiday, the fact that the delay was no more than one business day, the failure on the part of the Debtors to show any prejudice or potential prejudice from the one-day delay, and the absence of any impact from the purported delay on these proceedings. *See In re Burton*, 316 B.R. 138, 139-40 (S.D.N.Y. 2004). Although the Committee believes its filing was timely, any delay in this instance was very short and had no material impact on these proceedings. The equivalent of a procedural default based on no more than a one-day delay that caused no prejudice to the Debtors would not serve the ends of justice under the circumstances of this case.

WHEREFORE, the Committee respectfully requests that the Court enter an order denying the Motion, and granting such other relief as the Court determines to be appropriate, just, and proper.

Dated: Wilmington, Delaware
December 26, 2006

GREENBERG TRAURIG, LLP

By: *(signature)*
Donald Detweiler (No. 3087)
Victoria Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
detweilerd@gtlaw.com
counihanv@gtlaw.com

-and-

Nancy A. Mitchell
Nancy A. Peterman
**GREENBERG TRAURIG LLP**
77 West Wacker Drive
Suite 2400
Chicago, Illinois 60601
Phone: (312) 456-8400
Facsimile (312) 456-8435
mitchelln@gtlaw.com
petermann@gtlaw.com

Counsel for the Official Committee of Unsecured Creditors of Radnor Holdings Corporation, *et al.*

CHI 56622552v1 12/22/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **RADNOR HOLDINGS CORPORATION**, *et al.*, <br><br> Appellants, <br><br> v. <br><br> **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**, <br><br> Appellee. | § § § § § § § § § § § § | Case No. 06-735 (SLR) |
| In re: <br><br> **RADNOR HOLDINGS CORPORATION**, *et al.*, <br><br> Debtors. | § § § § § § § | Chapter 11 <br><br> Case No. 06-10894-(PJW) <br><br> Jointly Administered |

**ORDER DENYING DEBTORS' MOTION TO STRIKE APPELLEE'S STATEMENT OF ADDITIONAL ISSUES ON APPEAL AND DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD WITH RESPECT TO APPEAL OF ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS STANDING TO PROSECUTE ACTIONS ON BEHALF OF THE DEBTORS' ESTATES AGAINST TENNENBAUM CAPITAL PARTNERS, LLC, SPECIAL VALUE EXPANSION FUND, LLC, SPECIAL VALUE OPPORTUNITIES FUND, LLC, AND JOSÉ E. FELICIANO AND RELATED RELIEF**

Upon the Motion of Debtors and Debtors-in-Possession, Appellants, to Strike Appellee's Statement of Additional Issues on Appeal and Designation of Additional Items to be Included in the Record with Respect to Appeal of Order Granting Official Committee of Unsecured Creditors Standing to Prosecute Actions on Behalf of the Debtors' Estates against Tennenbaum Capital Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund, LLC, and José E. Feliciano and Related Relief (the "**Motion**")[1] in the above-captioned appeal,

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

and this Court having fully considered the record before it, and proper and adequate notice of the Motion and any hearing thereon having been given, and no other or further notice being necessary, and upon the record herein, and after due deliberation thereon, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is DENIED.

2. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
       January ___, 2007

By: _____
United States District Judge

DEL-FS1\164894v02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RADNOR HOLDINGS CORPORATION, *et al.*,  Appellants,  v.  THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,  Appellee. | § § § § § § § § § § § §   Case No. 06-735 (SLR) |
| In re:  RADNOR HOLDINGS CORPORATION, *et al.*,  Debtors. | § § § § § § § §   Chapter 11  Case No. 06-10894-(PJW)  Jointly Administered |

## CERTIFICATE OF SERVICE

I, Donald J. Detweiler, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for the Official Committee of Unsecured Creditors of Radnor Holdings Corporation, *et al.*, and on the 26th day of December 2006, I caused copies of the RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO STRIKE APPELLEE'S STATEMENT OF ADDITIONAL ISSUES ON APPEAL AND DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD WITH RESPECT TO APPEAL OF ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS STANDING TO PROSECUTE ACTIONS ON BEHALF OF THE DEBTORS' ESTATES AGAINST TENNENBAUM CAPITAL PARTNERS, LLC, SPECIAL VALUE EXPANSION FUND, LLC SPECIAL VALUE OPPORTUNITIES FUNDS, LLC, AND JOSE

E. FELICIANO AND RELATED RELIEF to be served upon the parties listed on Exhibit A, attached hereto, in the manner indicated thereon.

GREENBERG TAURIG, LLP

By: _____
Donald Detweiler (No. 3087)
Victoria Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360

**EXHIBIT A**

**Debtors:**

Caroline Williamson
Radnor Holdings Corporation
150 Radnor Chester Road
Building A, Suite 300
Radnor, PA 19087
**(By Overnight Coiurier)**

Alvarez & Marsal, Inc.
Stan Springel
Robert McEvoy
600 Lexington Avenue
6th Floor
New York, NY 10022
**(By Overnight Courier)**

**United States Trustee:**

William K. Harrington, Esq.
Margaret Harrison Esq.
Office of the U.S. Trustee
844 King Street
Room 2207, Lockbox 35
Wilmington, DE 19801
Tel: 302-573-6491
Fax: 302-573-6497
**(By Hand Delivery)**

**Agent for the DIP Lenders:**

Laura Davis Jones, Esq.
James E. O'Neill, Esq.
Pachulski Stang Ziehl Young
Jones & Weintraub
919 North Market Street, 17th Fl.
P.O. Box 8705
Wilmington, DE 19899-8705
**(By Hand Delivery)**

Anup Sathy, Esq.
Ross M. Kwasteniet, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601-6636
**(By Overnight Courier)**

**Counsel for the Funding Agent:**

Paula A. Schmeck, Esq.
Thorp, Reed & Armstrong, LLP
One Oxford Centre
301 Grant Street, 14th Fl.
Pittsburgh, PA 15219
**(By Overnight Courier)**

William P. Bowden, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
**(By Hand-Delivery)**

**Official Committee of Unsecured Creditors:**

Donald J. Detweiler, Esquire
Victoria W. Counihan, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 19801
Telephone:   302-661-7667
Fax:   302-661-7360
**(By Hand-Delivery)**

Nancy A. Mitchell, Esquire
Nancy A. Peterman, Esquire
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
**(By Overnight Courier)**

**Counsel to Tennenbaum Capital Partners, LLC:**

Mark D. Collins, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
**(By Hand Delivery)**

Gregory A. Bray, Esq.
Fred Neufeld, Esq.
Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa Street
30th Flooor
Los Angeles, CA 90017-5735
**(By Overnight Delivery)**